```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
_____
                                    :
KENNETH ANDRE-DONTA BARR,           :
                                    :
          Petitioner,               :   Civ. No. 15-5797 (NLH)
                                    :
     v.                             :   OPINION
                                    :
WARDEN OF NEW JERSEY                :
     STATE PRISON, et al.,          :
                                    :
          Respondents.              :
_____:
```

APPEARANCES:
Kenneth Andre-Donta Barr, #674455
New Jersey State Prison
P.O. BOX 861
Trenton, NJ 08625
     Petitioner, Pro se


HILLMAN, District Judge

     Petitioner Kenneth Andre-Donta Barr, a prisoner confined at

the New Jersey State Prison in Trenton, New Jersey, files this

writ of habeas corpus under 28 U.S.C. § 2254, challenging his

2011 New Jersey state court conviction. (ECF No. 1).  Shortly

thereafter, Petitioner filed a Motion for Stay of the habeas

proceeding so that he may complete his Post-Conviction Relief

("PCR") appeal. (ECF No. 2).  That motion remains pending.  On

or about September 25, 2015, Petitioner filed an application to

proceed in forma pauperis. (ECF No. 3).  The Court will address

these submissions below.

The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. CIV. R. 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit a complete application for leave to proceed in forma pauperis.  Specifically, although Petitioner attaches a certified copy of his prison trust account statement, he fails to submit an affidavit which establishes that he is unable to pay the fees and costs of the proceeding. See L.CIV.R. 81.2(b). Accordingly, this matter will be administratively terminated for

2

failure to satisfy the filing fee requirement. Petitioner will be granted leave to apply to reopen by either paying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

Further, the Court notes that Petitioner has filed a Motion to Stay (ECF No. 2) in which he seeks a stay of this habeas proceeding so that he may pursue his third Post-Conviction Relief ("PCR") appeal and properly exhaust his state remedies. In light of the fact that this Petition is administratively terminated for failure to satisfy the filing fee requirement, Petitioner's Motion to Stay will be DENIED as moot.  Petitioner is free to refile this motion in the event he chooses to apply to reopen this case.

<u>CONCLUSION</u>

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1]  Petitioner will be granted leave to apply to reopen within 45 days, by either prepaying the filing fee or submitting

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar <u>if</u> it was originally submitted timely. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (prisoner mailbox rule); <u>Papotto v. Hartford Life & Acc. Ins. Co.</u>, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

a complete application for leave to proceed in forma pauperis.

In light of the administrative termination, the pending Motion

to Stay will be denied as moot.

    An appropriate Order will be entered.

                                    ___s/ Noel L. Hillman_____
                                    NOEL L. HILLMAN
                                    United States District Judge
Dated: October 13, 2015
At Camden, New Jersey