UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                          :
KENNETH ANDRE-DONTA BARR,                 :
                                          :
        Petitioner,                       :    Civ. No. 15-5797 (NLH)
                                          :
    v.                                    :    OPINION
                                          :
WARDEN OF NEW JERSEY                       :
    STATE PRISON, et al.,                 :
                                          :
        Respondents.                      :
_____:

APPEARANCES:
Kenneth Andre-Donta Barr, #674455
New Jersey State Prison
P.O. BOX 861
Trenton, NJ 08625
    Petitioner, Pro se


HILLMAN, District Judge

        Petitioner Kenneth Andre-Donta Barr, a prisoner confined at

the New Jersey State Prison in Trenton, New Jersey, filed this

writ of habeas corpus under 28 U.S.C. § 2254, challenging his

2011 New Jersey state court conviction. (ECF No. 1).  Shortly

thereafter, Petitioner filed a Motion for a Stay of the habeas

proceeding so that he could complete his third Post-Conviction

Relief ("PCR") appeal (ECF No. 2).  He also filed an application

to proceed in forma pauperis. (ECF No. 3).

        On October 13, 2015, the Court denied Plaintiff's in forma

pauperis application and the case was administratively

terminated. (ECF No. 5).  As a result of the administrative termination, the Motion for a Stay was denied as moot.

On or about November 2, 2015, Petitioner filed a new application to proceed in forma pauperis (ECF No. 6), and the case was reopened for review by a judicial officer.  The Court finds the in forma pauperis application to be complete and grants Petitioner in forma pauperis status.

Prior to conducting a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"), the Court will revisit Petitioner's Motion for a Stay (ECF No. 2).  For the reasons set forth below, Petitioner's Motion for a Stay will be DENIED and Petitioner is directed to respond to the Court within 30 days as to how he wishes to proceed in this matter.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner pled guilty to one count of first degree murder in violation of N.J.S.A. 2C:11-3a(1).[1]  Thereafter, Petitioner filed an appeal alleging a breach of the plea bargain.

---

[1] The date the guilty plea was entered before the Court is unclear.  In denying Petitioner's appeal of the trial court's denial of his petition for Post-Conviction Relief, the appellate division stated that the guilty plea was entered on December 23, 2010. State v. Barr, No. A-4790-12T4, 2015 WL 773750, at *1 (N.J. Super. Ct. App. Div. Feb. 25, 2015).  In his Petition, Petitioner asserts that February 22, 2011 was the date of his conviction. (Pet. 2, ECF No. 1).  Regardless, the precise date of the entry of Petitioner's guilty plea and his sentencing are immaterial for purposes of this Opinion.

Specifically, Petitioner asserted that he agreed only to a sentence of forty years with an eighty-five percent parole disqualifier.  However, Petitioner states that eight days after his initial sentencing, the judge brought Petitioner back before the Court to explain that the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2, mandated that an additional five years of parole supervision upon Petitioner's release be added to Petitioner's sentence.  Petitioner ultimately withdrew his appeal on December 7, 2011. (Pet. 3, ECF No. 1).

On January 8, 2012, Petitioner filed a petition for Post-Conviction Relief ("PCR"). (Pet. 4, ECF No. 1).  The trial court denied Petitioner's PCR petition in March, 2013.[2]  Petitioner appealed the trial court's decision and the appellate division denied his appeal on February 25, 2015. See State v. Barr, No. A-4790-12T4, 2015 WL 773750 (N.J. Super. Ct. App. Div. Feb. 25, 2015).  The New Jersey Supreme Court denied certification on July 10, 2015. See State v. Barr, 222 N.J. 19, 116 A.3d 1073 (2015).  The instant petition for writ of habeas corpus is dated that same day: July 10, 2015. (Pet. 14, 15, ECF No. 1).

---

[2] Petitioner reports that the PCR court denied his Petition on March 12, 2013. (Pet. 7, ECF No. 1).  The appellate division reports that the PCR petition was denied on March 18, 2013. See State v. Barr, No. A-4790-12T4, 2015 WL 773750, at *1 (N.J. Super. Ct. App. Div. Feb. 25, 2015).  The precise date is irrelevant for purposes of this Opinion.

II.   <u>GROUNDS FOR RELIEF</u>

In his federal habeas petition, Petitioner asserts four grounds for relief.  In Ground One, Petitioner does not explicitly state a basis for relief.  Rather, he supplies only supporting facts.  In summary, he alleges that, per his plea agreement, he agreed only to a sentence of forty years' imprisonment with an eighty-five percent parole disqualifier, plus fines and penalties. (Pet. 6, ECF No. 1).  Petitioner asserts that he was "resentence[d]" and an additional five years of parole supervision upon his release was added to his sentence. (<u>Id.</u>).  Petitioner contends that he did not "sign a new plea form paper saying this was a NERA offense" and that he "never had a NERA charge." (<u>Id.</u>).  Based on these allegations, the Court construes this claim as one for a violation of due process, similar — if not equivalent — to that raised in Petitioner's initial PCR petition.

Petitioner's remaining three grounds for relief allege ineffective assistance of counsel.  In Ground Two, Petitioner asserts that his "trial lawyer failed to inform [him] of [his] right to revoke [his] plea after [he] was resentence[d]." (Pet. 8, ECF No. 1).  Petitioner's third ground for relief alleges that his "trial lawyer failed to investigate defenses" and Petitioner asserts that he now has new evidence including: "witness new statement, toxicology report, mental records."

(Pet. 9, ECF No. 1).  As his final ground for relief, Petitioner asserts that his trial counsel "failed to recuse himself after [Petitioner] threatened him" and counsel initiated charges against Petitioner for terroristic threats. (Pet. 10, ECF No. 1).

Petitioner concedes that these grounds for relief are unexhausted and he explains that they are currently pending before the PCR court.  In the Certification attached to Petitioner's Motion for a Stay, Petitioner further explains that he filed his third petition for PCR sometime after March 24, 2015 — before the New Jersey Supreme Court had ruled on his petition for certification. (Mot. 2, ECF No. 2).  Petitioner states that he filed this third PCR petition on the basis of "newly discovered evidence, Ineffective Assistance of counsel, Conflict of interest and Breach of Plea agreement." (Id.).

### III. DISCUSSION

A. Motion for Stay

1. Standard

A petitioner seeking federal habeas review must exhaust state court remedies for all grounds for relief asserted in a habeas petition. 28 U.S.C. § 2254(b)(1)(A); Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).  It is therefore proper and routine for district courts to dismiss habeas petitions containing both unexhausted and exhausted claims (so-called

"mixed petitions") so as to allow the State courts the first opportunity to address the petitioner's constitutional claims. Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Despite this "total exhaustion" rule, the Third Circuit has recognized that, in some circumstances, dismissing a "mixed petition" may time-bar a petitioner from federal court under the one-year statute of limitations for § 2254 claims imposed by the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 3344(d). See Crews, 360 F.3d at 151 ("AEDPA's limitations period may act to deprive a petitioner of a federal forum if dismissal of the habeas petition is required") (citing Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir. 2001)). Accordingly, the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." See Crews, 360 F.3d at 151.

The Supreme Court likewise has acknowledged there could be circumstances where dismissal of a mixed petition for exhaustion would result in the one-year habeas statute of limitations expiring before the petitioner was able to return to federal court. See Rhines v. Weber, 544 U.S. 269, 272-73 (2005). The Court held that, in limited circumstances, district courts have

6

discretion to hold a habeas proceeding in stay and abeyance while the petitioner exhausts his unexhausted claims in state court. Id. at 277.   A stay and abeyance is available only when the petitioner had good cause for failing to exhaust his claims; and only if the claims have potential merit. Id. at 277–78.

Though "[f]ew courts have provided guidance as to what constitutes 'good cause' for failing to exhaust a claim in state court within the meaning of Rhines," the Third Circuit emphasizes "the need to be mindful of Justice Stevens's concurrence in Rhines, which cautions that ... [the requirement] is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary pro se prisoner[.]'" Locust v. Ricci, No. 08–2713, 2010 WL 1463190, at *10 (D.N.J. Apr. 12, 2010) (quoting Ellison v. Rogers, 484 F.3d 658, 662 (3d Cir. 2007) (citations omitted)).

2. Analysis

According to Petitioner, the instant habeas petition was filed before Petitioner received a ruling on his third PCR, which remains pending before the state court. (Mot. 2, ECF No. 2).  Thus — with the exception of the claim presented in Ground One, which the Court finds is substantially similar to the claim addressed on the merits in Petitioner's first PCR petition — the claims raised in the instant Petition have not been exhausted.

Furthermore, if the instant Petition is dismissed for lack of exhaustion and then Petitioner's third PCR petition is dismissed as improperly filed, the AEDPA statute of limitations will not be tolled during the pendency of the third PCR petition and a new federal habeas petition may be time-barred. See Morris v. Horn, 187 F.3d 333 (3d Cir. 1999) (holding that a State collateral relief petition will only operate to toll one-year statute of limitations on federal habeas corpus petition under AEDPA if it is "properly filed," and submitted according to the state's procedural requirements). In other words, if the instant Petition is dismissed without a stay and abeyance, Petitioner may be precluded by the statute of limitations from returning to federal court for habeas relief.

However, Petitioner's request for a stay is devoid of any argument demonstrating "good cause" for why he has failed to exhaust these claims. More specifically, Petitioner does not explain why these claims were not raised in his initial PCR petition. In the Certification submitted with his Motion, Petitioner does not provide any reason for his failure to bring these claims in his first — or even second — PCR petition. Instead, Petitioner simply states that "[t]he issues raised in my 3rd PCR appeal are made in good faith and not to delay or postpone my Writ of Habeas Corpus." (Mot. 2, ECF No. 2). This conclusory statement does not reference any facts from which the

8

Court could conclude that the "good cause" required by Rhines has been established. See, e.g., Herrill v. Ricci, No. 10-3575, 2011 WL 5117159, at *5 (D.N.J. Oct. 24, 2011) (denying motion for stay and abeyance of federal habeas petition pending exhaustion of new claims because petitioner did not demonstrate good cause for the relief sought).

Nor does the Petition, itself, provide any explanation for Petitioner's failure to exhaust these claims.  With respect to Petitioner's Ground Two — his ineffective assistance of counsel claim due to counsel's failure to inform Petitioner of his right to revoke his plea agreement — Petitioner does not offer any reason as to why he could not have raised this claim in his first PCR petition.

Similarly, with respect to Petitioner's Ground Three — his ineffective assistance of counsel claim due to counsel's failure to investigate — Petitioner again fails to demonstrate good cause as to why these claims are unexhausted.  The Court notes that Petitioner states, "My trial counsel failed to investigate defenses and now I got new defense evidence.  Like witness new statement, toxicology report, mental records.  I didn't have any of this at trial[.]  Also health records for mitigation factors." (Pet. 9, ECF No. 1).  Petitioner's statement does not indicate when or how he discovered this evidence.  According to the dates provided by Petitioner, his first PCR petition was not

filed until approximately one year after his sentencing date.
Thus, Petitioner has not shown that this evidence was unknown to
him at the time he filed his first PCR petition; nor has he
explained why it could not have been discovered by such time.
Accordingly, he has failed to establish good cause for failure
to exhaust.

Additionally, Petitioner only vaguely refers to the "new
defense evidence" as "witness new statement, toxicology report,
mental records." (Pet. 9, ECF No. 1).  Petitioner fails to
provide any details as to the substance or content of this
alleged new evidence.  He does not offer any information as to
how this new evidence would have affected his case; nor does he
explain how this evidence relates to his allegation that his
trial counsel was ineffective for failing to investigate.
Therefore, in addition to his failure to show good cause,
Petitioner has likewise failed to demonstrate that this claim
has potential merit. <u>Rhines</u>, 544 U.S. at 277–78.

Finally, Petitioner's Ground Four provides no support for
Petitioner's motion to stay.  In this ground, Petitioner implies
that his trial counsel should have recused himself because
Petitioner threatened him and, as a result, counsel filed
charges against Petitioner. (Pet. 10, ECF No. 1).  As an initial
matter, Petitioner does not provide any information regarding
the dates the threats were made or the dates the charges were

filed.  Thus, he has not established that the threats or charges had any bearing on Petitioner's case or on trial counsel's representation.

Additionally, even assuming that the threats were made or charges were filed during the pendency of Petitioner's case and of trial counsel's representation, Petitioner fails to explain why he could not have raised this claim at the time he filed his first PCR petition.  Surely, Petitioner — who admits to threatening his counsel — was aware of the potential conflict such threats and resulting charges might create at the time the threats were made.

Finally, even if Petitioner could somehow show that this potential claim was not discoverable until after he had filed his first PCR petition, this Court notes that such deplorable conduct generally would not constitute, or contribute to the establishment of, "good cause" for failure to exhaust; nor would it create a potentially meritorious basis for habeas relief which would support the grant of a stay and abeyance. See Rhines, 544 U.S. at 277-78.

For the foregoing reasons, Petitioner's Motion to Stay (ECF No. 2) will be DENIED.

   B. Mixed Petition

When faced with a petition, such as the Petition presently before the Court, which contains both exhausted and unexhausted

11

claims, a district court has four options: (1) stay the petition pending the outcome of state proceedings; (2) allow the petitioner to delete the unexhausted claims and proceed on the exhausted claims; (3) dismiss the petition without prejudice as unexhausted; or (4) deny the unexhausted claims on the merits under 28 U.S.C. 2254(b)(2). See Rhines, 544 U.S. at 277-78; McLaughlin v. Shannon, 454 F. App'x 83, 86 (3d Cir. 2011); Mahoney v. Bostel, 366 F. App'x 368 371 (3d Cir. 2010); Urcinoli v. Cathel, 546 F.3d 269, 276 (3d Cir. 2008).

As discussed above, the first option — stay and abeyance — is not appropriate in this case because Petitioner has failed to show good cause for his failure to timely and fully exhaust his state remedies.

The fourth option — denying the unexhausted claims on the merits — is likewise not appropriate in this case. Denial of an unexhausted claim is proper only if the claim is plainly without merit. See Rhines, 544 U.S. at 277; Carracosa v. McGuire, 520 F.3d 249, 255 n. 10 (3d Cir. 2008) (citing Lambert v. Blackwell, 387 F.3d 210, 260 n. 42 (3d Cir. 2004) (holding that denial of an unexhausted claim on the merits is consistent with the statute). At this early stage this Court is not prepared to hold that the ineffective assistance of counsel claims set forth in Grounds Two and Three of the Petition are plainly without merit. See, e.g., Ragland v. Barnes, No. 14-7294, 2015 WL

1035428, at *3 (D.N.J. Mar. 10, 2015) (declining to deny
unexhausted claim as an option for dealing with mixed petition);
Smith v. Conway, No. 10-1097, 2014 WL 1050551, at *9 (D.N.J.
Mar. 17, 2014) (same).

The third option — dismissing the petition without
prejudice as unexhausted — is undesirable.  As set forth above,
if Petitioner's third PCR petition is dismissed as improperly
filed, the AEDPA one-year statute of limitations period will not
be tolled during the pendency of the third PCR petition.  As a
result, a new federal habeas petition, filed at the conclusion
of Petitioner's third PCR petition, would likely be time-barred.
See Morris, 187 F.3d 333.

Therefore, under the circumstances of this case, the second
option — allowing Petitioner to delete the unexhausted claims
and proceed on the exhausted claims — is a viable course of
action. See Reeves v. Holmes, No. 11-5700, 2014 WL 2196491, at
*4 (D.N.J. May 27, 2014) ("[I]f a petitioner presents a district
court with a mixed petition and the court determines that stay
and abeyance is inappropriate, the court should allow the
petitioner to delete the unexhausted claims and to proceed with
the exhausted claims if dismissal of the entire petition would
unreasonably impair the petitioner's right to obtain federal
relief.") (citing Rhines, 544 U.S. at 277-78).

13

Accordingly, Petitioner shall notify the Court within 45 days as to whether he wishes to delete the unexhausted claims — Grounds Two, Three and Four — and proceed before this Court in the instant Petition on the exhausted claim — Ground One.   In the alternative, Petitioner may inform the Court that he wishes to have the Petition dismissed without prejudice as unexhausted. Petitioner can then file a new federal habeas petition at the conclusion of his third PCR petition after he has exhausted all claims.   Petitioner is on notice, however, that it is possible that the one-year AEDPA statute of limitations period will have expired by the time all appeals of his third PCR petition are completed.[3]   As a result, Petitioner could be forever foreclosed from seeking federal habeas relief.

---

[3]     Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."   A properly filed PCR application will statutorily toll the AEDPA limitations period. See 28 U.S.C. § 2244(d)(2).
        As set forth above, Petitioner in this case appealed his conviction and, after the appellate court affirmed, he filed a petition for certification to the New Jersey Supreme Court, which was denied.   Petitioner then filed a timely petition for PCR.   Accordingly, the AEDPA limitations period was tolled during the pendency of his PCR proceedings. See 28 U.S.C. § 2244(d)(2).   The trial court denied his PCR petition and the appellate court affirmed this decision.   The New Jersey Supreme Court denied certification on July 10, 2015. See State v. Barr, 222 N.J. 19, 116 A.3d 1073 (2015).   Using this date, the one-year statute of limitations period began to run on July 10, 2015 and it appears that Petitioner's one-year AEDPA statute of limitations will expire on July 10, 2016.

If no response is received from Petitioner within 45 days, the Petition will be ruled upon as filed.

IV.   <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's request to proceed <u>in forma pauperis</u> is GRANTED.  Petitioner's Motion for a Stay is DENIED.  Petitioner is directed to notify the Court, in writing, within 45 days as to how he wishes to proceed in this matter.

An appropriate Order will be entered.

```
    ___s/ Noel L. Hillman_____
    NOEL L. HILLMAN
    United States District Judge
```

Dated: February 11, 2016
At Camden, New Jersey

---

If Petitioner's third PCR petition is deemed properly filed, it will again toll the statute of limitations, <u>see</u> 28 U.S.C. § 2244(d)(2).  However, if it is <u>not</u> deemed properly filed, it will not toll the statute of limitations, and any federal habeas petition filed after the July 10, 2016 deadline discussed above may be untimely as beyond the one-year AEDPA limitations period.  At this juncture, however, the Court declines to make any findings with respect to the timeliness of the petition.