```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
KENNETH ANDRE-DONTA BARR,          :
                                   :
          Petitioner,              :  Civ. No. 15-5797 (NLH)
                                   :
     v.                            :  OPINION
                                   :
WARDEN OF NEW JERSEY               :
     STATE PRISON, et al.,         :
                                   :
          Respondents.             :
_____:
```

APPEARANCES:
Kenneth Andre-Donta Barr, #674455
New Jersey State Prison
P.O. BOX 861
Trenton, NJ 08625
    Petitioner, Pro se

HILLMAN, District Judge

This matter is presently before the Court upon receipt of a motion (ECF No. 9) by Petitioner Kenneth Andre-Donta Barr in which he renews his request for a stay and abeyance of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Petitioner's motion for a stay is DENIED and the Petition will be DISMISSED without prejudice.

I.   PROCEDURAL HISTORY

Petitioner Kenneth Andre-Donta Barr, a prisoner confined at the New Jersey State Prison in Trenton, New Jersey, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254,

challenging his 2011 New Jersey state court conviction. (ECF No. 1). Shortly thereafter, Petitioner filed a Motion for a Stay of the habeas proceeding so that he could complete his third Post-Conviction Relief ("PCR") appeal (ECF No. 2). This case was previously administratively terminated due to Petitioner's failure to satisfy the filing fee requirement. (ECF No. 5). However, Petitioner subsequently submitted an application to proceed in forma pauperis (ECF No. 6) and the matter was reopened for review by a judicial officer.

In an Order dated February 11, 2016 (ECF No. 8), the Court granted Petitioner in forma pauperis status, and denied Petitioner's motion for a stay.[1] Petitioner was directed to notify the Court within 45 days of the date of that Order as to whether: (1) he wished to delete the unexhausted claims of the Petition — Grounds Two, Three and Four — and proceed before this Court on the exhausted claim — Ground One; or (2) he wished to have the Petition dismissed without prejudice as unexhausted, and then file a new federal habeas petition at the conclusion of his third PCR petition after he exhausted all claims. Petitioner was further informed that it is possible that the

---

[1] Petitioner clarifies in his letter dated February 25, 2016 (ECF No. 9) that he did not file a new motion for a stay. (ECF No. 9 at 5). Nevertheless, because the claims of the Petition were admittedly unexhausted — and, thus, the Court was faced with a "mixed petition" — the Court addressed the possibility of a stay and revisited Petitioner's motion.

one-year Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period will have expired by the time all appeals of his third PCR petition are completed. In response, Petitioner submitted a letter dated February 25, 2016 in which he renews his request for a stay. (ECF No. 9).

## II.  DISCUSSION

As explained in this Court's February 11, 2016 Opinion (ECF No. 7), Petitioner asserts four grounds for relief in his federal habeas petition. Three of those grounds allege ineffective assistance of counsel and are, by Petitioner's own admission, unexhausted and currently pending before the state PCR court in Petitioner's third PCR proceeding. Petitioner previously explained that he filed his third petition for PCR sometime after March 24, 2015 on the basis of "newly discovered evidence, Ineffective Assistance of counsel, Conflict of interest and Breach of Plea agreement." (Mot. for Stay 2, ECF No. 2).

A. Standard for Motion for Stay

A petitioner seeking federal habeas review must exhaust state court remedies for all grounds for relief asserted in a habeas petition. 28 U.S.C. § 2254(b)(1)(A); Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004). It is therefore proper and routine for district courts to dismiss habeas petitions containing both unexhausted and exhausted claims (so-called

"mixed petitions") so as to allow the State courts the first opportunity to address the petitioner's constitutional claims. Rose v. Lundy, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L.Ed.2d 379 (1982).

Despite this "total exhaustion" rule, the Third Circuit has recognized that, in some circumstances, dismissing a "mixed petition" may time-bar a petitioner from federal court under the one-year statute of limitations for § 2254 claims imposed by the AEDPA, 28 U.S.C. § 3344(d). See Crews, 360 F.3d at 151 ("AEDPA's limitations period may act to deprive a petitioner of a federal forum if dismissal of the habeas petition is required") (citing Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir. 2001)). Accordingly, the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." See Crews, 360 F.3d at 151.

The Supreme Court likewise has acknowledged there could be circumstances where dismissal of a mixed petition for exhaustion would result in the one-year habeas statute of limitations expiring before the petitioner was able to return to federal court. See Rhines v. Weber, 544 U.S. 269, 272-73, 125 S. Ct. 1528, 1532, 161 L. Ed. 2d 440 (2005). The Court held that, in limited circumstances, district courts have discretion to hold a

4

habeas proceeding in stay and abeyance while the petitioner exhausts his unexhausted claims in state court. Id. at 277. A stay and abeyance is available only when the petitioner had good cause for failing to exhaust his claims; and only if the claims have potential merit. Id. at 277-78.

Though "[f]ew courts have provided guidance as to what constitutes 'good cause' for failing to exhaust a claim in state court within the meaning of Rhines," the Third Circuit emphasizes "the need to be mindful of Justice Stevens's concurrence in Rhines, which cautions that ... [the requirement] is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary pro se prisoner[.]'" Locust v. Ricci, No. 08-2713, 2010 WL 1463190, at *10 (D.N.J. Apr. 12, 2010) (quoting Ellison v. Rogers, 484 F.3d 658, 662 (3d Cir. 2007) (citations omitted)).

B. Analysis

In Petitioner's motion (ECF No. 9), he explains that the unexhausted claims of the Petition were not raised in his first PCR petition because they did not exist at that time. Specifically, Petitioner explains that "the main focus of [his] 3rd PCR is the new testimony given by Steven Barr in his signed certification." (ECF No. 9 at 5). He attaches a copy of this certification to his motion. (Id. at 7). Presumably, this "new evidence" relates to the third ground for relief raised in the

5

Petition wherein Petitioner claims ineffective assistance of counsel due to trial counsel's failure to investigate. (Pet. 9, ECF No. 1).  However, even assuming that Petitioner has shown that this claim has merit and that Petitioner has presented good cause to excuse his failure to exhaust, Petitioner does not address his failure to exhaust his other two ineffective assistance of counsel claims — Claims Two and Four.

Therefore, the Petition remains a mixed petition subject to dismissal. See Rose, 455 U.S. at 510.  Moreover, because Petitioner has failed to show good cause for his failure to timely and fully exhaust his state remedies, a stay and abeyance is not appropriate in this case.  Petitioner's motion for a stay and abeyance is denied.

   C. Mixed Petition

When faced with a petition, such as the Petition presently before the Court, which contains both exhausted and unexhausted claims, a district court has four options: (1) stay the petition pending the outcome of state proceedings; (2) allow the petitioner to delete the unexhausted claims and proceed on the exhausted claims; (3) dismiss the petition without prejudice as unexhausted; or (4) deny the unexhausted claims on the merits under 28 U.S.C. 2254(b)(2). See Rhines, 544 U.S. at 277-78; McLaughlin v. Shannon, 454 F. App'x 83, 86 (3d Cir. 2011);

6

Mahoney v. Bostel, 366 F. App'x 368 371 (3d Cir. 2010); Urcinoli v. Cathel, 546 F.3d 269, 276 (3d Cir. 2008).

Petitioner explains in his February 25, 2016 letter that he is waiting to be heard on oral argument before the appellate division with respect to his third PCR petition. (ECF No. 9 at 5). Petitioner contends that his third PCR petition was properly filed and will toll the statute of limitations. (Id.). Accordingly, Petitioner requests that "in the event [this Court] denys [sic] this motion, please have [the Court] dismiss this writ for habeas corpus." (Id. at 1).

Therefore, the instant Petition will be dismissed without prejudice as unexhausted. See Rhines, 544 U.S. at 277–78. Petitioner may file a new federal habeas petition at the conclusion of his third PCR petition after he has exhausted all claims, provided that he is not foreclosed from doing so by the expiration of the one-year AEDPA statute of limitations period.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Motion for a Stay (ECF No. 9) is DENIED and the Petition is DIMISSED WITHOUT PREJUDICE as unexhausted.

An appropriate Order will be entered.

                                                      ____s/ Noel L. Hillman____
                                                     NOEL L. HILLMAN
                                                     United States District Judge

Dated: July 28, 2016
At Camden, New Jersey